The Supreme Court reversed the decree of the Orphans* Court, on February 18th, 1884, in thefollowing opinion, per
Gordon, J.
By the second section of the Act of the 16th of June, 1836, P-Laws, 683, this Court is directed, “in all cases of appeals now made, or that may hereafter be taken, from the decrees of the several Orphans’ Conrts, to hear, try and determine the merits, of such cases, and to decree according to the justice and equity thereof.” Our equitable powers are thus made co-extensive with the case that may be brought before us by the process of appeal, and it is our duty to do justice to the parties unembarrassed by technical rules. Adapting, as we are bound to do, the principle thus stated, and we cannot but think that Court dealt a little too strictly with the appellants. That they discharged their duties with all faithfulness and kindness to their ward is conceded in the adjudication of the Court. The child committed to their charge in 1871 is now “a well informed and excellent woman.” In the handling of their ward’s estate they were honest, and, as the learned judge before says, no fraudulent conduct was imputed to them. But they were ignorant and negligent; kept no regular account of either receipts or expenditures; neglected to pay taxes and water rents until penalties had accrued, and they omitted to file an inventory of the property intrusted to their care. These, to be sure, would be very serious charges against trustees who either knowingly or wilfully thus neglected the duties which they had assumed. But these men seem to have but scant knowledge of the business imposed upon them, and the court below charges them with nothing that may not have resulted from their ignorance alone. “No dishonest or fraudulent conduct is imputed to them.” Their ward was well and kindly treated. Moreover, their charges for boarding have been disallowed, and they have been surcharged with the losses which resulted to the estate through their ignorance or mistake. Under these circumstances we think it very hard to ' reat these ap *290 pellants as rogues and deprive them of all commissions. As a rule, only faithless trustees are thus treated, but where they ■are honest and their default is the result of ignorance or mistake alone, they are not so punished ; Brennan’s Estate, 65 Pa., 16. We certainly think that, in this case, every legal and equitable requirement was met and satisfied by charging the appellants with the results of their blunders and neglect, and that whilst their services were not as valuable as would have been those of more intelligent and careful guardians, nevertheless, for those services, such as they were, they ought to have bee n allowed something.
The decree of the Court below is now so altered and modified as to allow the appellant, by the way of commissions, the -sum of two hundred dollars. With this exception the said •decree is confirmed. It is further ordered that the costs of this appeal be paid, one-half by the appellants and the other half by the appellee.